UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ASHLEY COX, individually and as next best )
friend of minor children K.C. and K.R.,    )
                                            )
           *Plaintiffs*,                    )
                                            )
     v.                                     )  No. 1:19-cv-01393-JMS-DLP
                                            )
THE CITY OF INDIANAPOLIS, OFFICER          )
RYAN WEITZEL, and OFFICER MICHAEL          )
O'CONNOR,                                   )
                                            )
           *Defendants*.                    )

## ORDER

Presently pending before the Court is Plaintiffs' Motion for Remand, [Filing No. 5]. For the following reasons, the Court **DENIES** the motion.

## I.
### BACKGROUND

For purposes of removal of a case from state court to federal court, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The following factual allegations are taken from Plaintiffs' Complaint.

Plaintiffs allege that on March 8, 2017, two Indianapolis police officers responded to a call regarding a suspected robbery committed by a young black male wearing a brown hoodie and driving a silver Ford Taurus. [Filing No. 1 at 5.] Plaintiffs allege that, in response to this call, the police officers stopped Plaintiff Ashley Cox (a black female) and her two children (ages five and seven), all of whom were travelling in a gold Mercury Sable. [Filing No. 1 at 5.] Ms. Cox alleges

that the officers handcuffed her and put her in a police car, then they interrogated and/or searched all three of the individuals and searched the vehicle. [Filing No. 1 at 6.] Ms. Cox also alleges that the officers pointed a gun at her and/or her children during the stop. [Filing No. 1 at 6.]

On March 7, 2019, Ms. Cox—individually and as next best friend of her two minor children—filed a Complaint in the Marion Superior Court against the City of Indianapolis, Officer Ryan Weitzel, and Officer Michael O'Connor (collectively, the "Defendants"), alleging that the Defendants: (1) denied the individuals "access to the public road on account of race and gender"; (2) conducted an unreasonable search and seizure of Ms. Cox and her children; (3) used excessive force against Ms. Cox and her children; and, (4) unreasonably detained Ms. Cox and her children. [Filing No. 1-1 at 4-5.] On April 5, 2019, Defendants removed this case pursuant to 28 U.S.C. § 1446 alleging that this Court has original jurisdiction over Ms. Cox's Fourth Amendment claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. [Filing No. 1 at 1-2.] Defendants cite both 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c) to support their Notice of Removal. [Filing No. 1 at 2.] Ms. Cox now asks the Court to remand the case to the Marion Superior Court.

## II.
### DISCUSSION

The party asserting federal court jurisdiction bears the burden of showing that jurisdiction is present, and the filing of a motion for remand does not shift this burden. *Shadday v. Rodriguez Mahuad*, U.S. Dist. 2006 WL 2228958, at *3 (S.D. Ind. 2006).

In her Motion for Remand, Ms. Cox argues that the entire case should be remanded because this Court "lacks jurisdiction over the majority of the plaintiff's claims, all arising from the same event." [Filing No. 5 at 1.] Ms. Cox cites 28 U.S.C. § 1441(c) and argues that removal under this section is only appropriate where the federal claim is "separate and independent" from the state

law claims, and that the pendent claims in this case are based on a "common nucleus of operative fact" and are not "separate and independent." [Filing No. 5 at 3.] Ms. Cox argues that because "[s]tate law predominates Plaintiff's complaint," the entire case should be remanded to the Marion County Superior Court. [Filing No. 5 at 3.]

In opposition to the Motion for Remand, the Defendants argue that Ms. Cox's argument misunderstands removal under 28 U.S.C. § 1441 and "misconstrues" the case on which Ms. Cox primarily relies, *Raymond James & Assocs., Inc. v. First Union Sec., Inc.*, U.S. Dist. 2003 WL 22454897 (S.D. Ind. 2003). [Filing No. 8 at 1.] Defendants argue that this matter was properly removed because it was done so timely and in accordance with 28 U.S.C. § 1441. [Filing No. 8 at 1-2.] Defendants also argue that *Raymond James* is directly on point in this matter and, contrary to Ms. Cox's argument, actually supports Defendants' position and prescribes denial of Ms. Cox's Motion for Remand. [Filing No. 8 at 2-3.]

On May 20, 2019, Ms. Cox filed an untimely reply brief without seeking leave of court. [Filing No. 13.] The Court will not consider Ms. Cox's untimely reply brief.[1]

### A. Applicability of 28 U.S.C. § 1441(c)

The Court first addresses Ms. Cox's argument that removal under 28 U.S.C. § 1441(c) is only appropriate where the federal claim is "separate and independent" from the state law claims, and that the pendent claims in this case are based on a "common nucleus of operative fact" and, thus, not "separate and independent." [Filing No. 5 at 3.]

28 U.S.C. § 1441(c) provides:

(1) If a civil action includes –

---

[1] Local Rule 7-1(c)(3)(B) provides: "Any reply [in support of a motion] is due within 7 days after service of the response." Defendants' response was filed on May 6, 2019, making Ms. Cox's reply due on or before May 13, 2019. However, even if Ms. Cox's reply was timely filed, it would not have altered the Court's decision and analysis.

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 U.S.C § 1331]), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). Although Defendants cited § 1441(c) in their Notice of Removal and Ms. Cox focuses on this subsection in her Motion for Remand, 28 U.S.C. § 1441(c) does not apply in this case. Section 1441(c) discusses claims "not within the original or supplemental jurisdiction of the district court," and the claims here present a straightforward instance of original and supplemental jurisdiction, as explained more fully below.

In seeking remand of the entire case, Ms. Cox argues that removal under 28 U.S.C. § 1441(c) is only appropriate where the federal claim is "separate and independent" from the state law claim. [Filing No. 5 at 3.] Ms. Cox expressly relies on this argument despite this same argument being rejected by the Court in *Fowler v. Evansville Convention & Visitors Bureau*, U.S. Dist. 2010 WL 4291298, at *3 (S.D. Ind. 2010).[2] The Court in that case noted that "[t]his argument fails to account for the option of removal pursuant to 28 U.S.C. § 1441(a)-(b) of a claim conferring federal question jurisdiction, combined with supplemental jurisdiction over state claims that form part of the same case or controversy." *Fowler,* 2010 WL 4291298, at *3. The Court in *Fowler*

---

[2] The Court also notes that Ms. Cox's arguments based on *Raymond James* are directly contrary to the holding in that case. *See Raymond James Assocs., Inc. v. First Union Sec., Inc.*, U.S. Dist. 2003 WL 22454897, at *1 (S.D. Ind. 2003) ("U.S.C. § 1441 does not authorize this court to make . . . a ruling" "to have the entire case sent back to state court.").

4

held that because it had federal question jurisdiction and supplemental jurisdiction of the claims, § 1441(c) was inapplicable. *Id.* That conclusion and reasoning apply here, as well.

Ms. Cox states this Court lacks jurisdiction over the state law claims; however, this is incorrect. It is undisputed that Ms. Cox asserted a Fourth Amendment claim in her Complaint [*see* Filing No. 1-1 at 5], and this Court clearly has jurisdiction over that constitutional claim. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") It is also undisputed that the Fourth Amendment claim and the state law claims all arise from the traffic stop that occurred on March 8, 2017 and that the allegations underlying the three claims are identical—the officers stopped Ms. Cox's vehicle and detained her and her children, interrogated them, searched them and the vehicle, and denied them access to the public road. Ms. Cox even admits in her Motion for Remand that "[a]ll of Plaintiff's claims are based on a 'common nucleus of operative fact.'" [Filing No. 5 at 3.] As such, it is clear that this Court has supplemental jurisdiction over the state law claims by virtue of 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . . ."). Therefore, this Court has jurisdiction over all of Ms. Cox's claims and the case was properly removed. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."); *see also Fowler*, 2010 WL 4291298, at *2 ("Removal is proper if it is based on statutorily permissible grounds and is timely.").

### B. Applicability of 28 U.S.C. § 1367(c)(2)

Although Ms. Cox does not explicitly cite 28 U.S.C. § 1367(c)(2) in her Motion for Remand, she argues that the entire case should be remanded because "[s]tate law predominates Plaintiff's complaint." [Filing No. 5 at 3.] 28 U.S.C. § 1367(c)(2) provides, in relevant part: "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Whether a state law claim substantially predominates over a federal claim depends on "(1) whether a claim is purely a matter of state or local law and is therefore more properly entrusted to state courts, and (2) whether the federal claims are dependent on the resolution of the state claims." *Fowler*, 2010 WL 4291298, at *3. "If it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Oszust v. Town of St. John*, 212 F. Supp. 3d 770, 781 (N.D. Ind. 2016). The decision to accept or decline jurisdiction under § 1367(c) is within the sound discretion of the district court." *Id.* (citing *Channell v. Citicorp National Serv., Inc.*, 89 F.3d 379, 387 (7th Cir. 1996)).

In her Complaint, Ms. Cox asserts that Defendants "violated Indianapolis Ordinance 581-101, Article 1[3], Section 11 of the Indiana Constitution[4], and the 4th Amendment of the United States Constitution[5] by unreasonably searching and seizing [their] person[s], using excessive force against [them], and unreasonably detaining [them]." [Filing No. 1-1 at 5.]

---

[3] Ordinance 581-101 provides, in pertinent part:

> (a) The council finds that the practice of denying equal . . . access to . . . public accommodations . . . based on race . . . [or] sex . . . is contrary to the principles of freedom and equality of opportunity and is a burden to the objectives of the policies contained herein and shall be considered discriminatory practices.
> (b) It is the purpose of this chapter to carry out the following policies of the city and county:
> . . .
>> (5) To provide all citizens of the city and county equal . . . access to public accommodations without regard to race . . . [or] sex. . . .

Revised Code of the Consol. City and Cnty., Ch. 581, Art. I, Sec. 581-101.

[4] Article 1, Section 11 of the Indiana Constitution provides:

> Section 11. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

Ind. Const. art. I, § 11.

[5] The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

Although Ms. Cox asserts a discrimination claim based on the Indianapolis Code, at the center of Ms. Cox's claims are the conditions and circumstances of the detainment of Ms. Cox and her children and the reasonableness of the searches conducted. [*See* Filing No. 1-1 at 5-7.] These claims implicate the Fourth Amendment (and the similar Article 1, Section 11 of the Indiana Constitution) and are not "purely . . . matter[s] of state or local law" that are "more properly entrusted to the state courts." *Fowler*, 2010 WL 4291298, at *3. Further, the Fourth Amendment claim is not dependent on the outcome of the Indianapolis Code claim nor the Indiana constitutional claim. The factfinder will analyze the unreasonable search and seizure claims (both state and federal) and the discrimination claim using the same set of facts, and the outcome of the discrimination claim will not impact the Fourth Amendment claim. *See Fowler*, 2010 WL 4291298, at *5 ("By Fowler's own assertions, the constructive fraud (Count I) and promissory estoppel (Count VI) claims require determinations based on the same comments and statements that are at issue in the federal claims, further demonstrating that the claims are inextricably related"); *see also Boone Cnty. Utilities, LLC v. Boon Cnty. Bd. of Comm'rs*, U.S. Dist. 2003 WL 203158, at *8 (S.D. Ind. 2003) (denying Motion for Remand where "[t]he determination regarding the alleged violation of . . . Indiana's Open Door Law, although relevant, does not necessarily dispose of [plaintiff's] Fourteenth Amendment claim. The crux of [plaintiff's] claim is a violation of due process, and this federal claim predominates over the state law claims"); *but see Palivos v. City of Chi.*, 901 F.Supp. 271, 273 (holding supplemental claims substantially predominated over the federal claim where the viability of the federal civil rights claim depended on whether plaintiff had a property interest in the building permit under state law). Accordingly, this Court will not remand the entire case, nor will it remand or dismiss the state law claims, because the state law claims do not substantially predominate over the federal claim.

# III.
## CONCLUSION

The Court finds that: (1) this matter was properly removed to this Court; (2) this Court has jurisdiction over Ms. Cox's claims; and, (3) the state law claims do not substantially predominate over the federal claim. Accordingly, the Court **DENIES** Ms. Cox's Motion for Remand, [5].

Date: 5/30/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**